EXHIBIT 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
CHONG FU HUANG,

Plaintiff,

-against-

57-63 GREENE REALTY, LLC, and
JEFFREY RUDES, LLC.,

Defendants.
------------------------------------------------------------------X

**Index No.: 706446/15**

**STATEMENT ADDING THIRD-PARTY DEFENDANTS**

**COUNSELORS:**

**PLEASE TAKE NOTICE** that, pursuant to CPLR 3402(b), by a Third-Party Summons and Complaint dated November 9, 2015, FAHEY, INC. dba FAHEY DESIGN BUILD and LTI CONSTRUCTION CORP. have been brought in as Third-Party Defendants in the above captioned action, and the title of said action, now reads as follows:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X
CHONG FU HUANG,

**Index No.: 706446/15**

Plaintiff,

-against-

57-63 GREENE REALTY, LLC, and
JEFFREY RUDES, LLC.,

Defendants.
------------------------------------------------------------------X
57-63 GREENE REALTY, LLC, and
JEFFREY RUDES, LLC.,

Third-Party
Index No.:

Third-Party Plaintiffs,

-against-

FAHEY, INC. dba FAHEY DESIGN BUILD and
LTI CONSTRUCTION CORP.,

Third-Party Defendants.
------------------------------------------------------------------X

**PLEASE TAKE FURTHER NOTICE** that, the plaintiff has not yet served a Note of Issue. Therefore, this case is not yet on the trial calendar of this Court.

A copy of this Statement has been served upon all the parties who have appeared in this action.

Dated: November 9, 2015
Melville, New York

Yours, etc.

LAW OFFICE OF ANDREA G. SAWYERS
By: ______________________
PATRICIA H. SEEGERS
Attorneys for Defendants/Third-Party Plaintiffs
57-63 GREENE REALTY, LLC, and
JEFFREY RUDES, LLC.
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, New York 11747
(631) 501-3100
Matter No.: 2015047975 PHS

TO:
LAW OFFICE OF MARIUS C. WESSER, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1700
New York, New York 10007
(646) 736-1940

FAHEY, INC. dba FAHEY DESIGN BUILD
Third-Party Defendant
90 Water Street
New York, New York 10005
(212) 680-1030

LTI CONSTRUCTION CORP.
Third-Party Defendant
90 Water Street
New York, New York 10005
(212) 680-1030

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------X

| | |
|---|---|
| CHONG FU HUANG,<br><br>Plaintiff,<br><br>-against-<br><br>57-63 GREENE REALTY, LLC, and<br>JEFFREY RUDES, LLC.,<br><br>Defendants. | **Index No.: 706446/15**<br><br>**NOTICE OF THIRD-PARTY SUMMONS** |

-----------------------------------------------------------------X

| | |
|---|---|
| 57-63 GREENE REALTY, LLC, and<br>JEFFREY RUDES, LLC.,<br><br>Third-Party Plaintiffs,<br><br>-against-<br><br>FAHEY, INC. dba FAHEY DESIGN BUILD and<br>LTI CONSTRUCTION CORP.,<br><br>Third-Party Defendants. | Third-Party<br>Index No.: |

-----------------------------------------------------------------X

***TO THE ABOVE NAMED THIRD-PARTY DEFENDANTS:***

***YOU ARE HEREBY SUMMONED*** to answer the Third-Party Complaint of the Defendants/Third-Party Plaintiffs, 57-63 GREENE REALTY, LLC, and JEFFREY RUDES, LLC., a copy of which is herewith served upon you together with all prior pleadings, and to serve copies of your answer upon the undersigned attorneys for said Third-Party Plaintiffs, and upon the attorney for plaintiff, LAW OFFICE OF MARIUS C. WESSER, P.C., located at 225 Broadway, Suite 1700 New York, New York 10007, within twenty (20) days after the service of the Summons and Third-Party Complaint, exclusive of the date of service, or within thirty (30) days if service is made by any method other than personal delivery within the State of New York.

In the event you fail to answer the Third-Party Complaint a judgment will be taken against you by default for the relief demanded in the Third-Party Complaint.

Dated: November 9, 2015
Melville, New York

Yours, etc.

LAW OFFICE OF ANDREA G. SAWYERS
By: ______________________
PATRICIA H. SEEGERS
Attorneys for Defendants/Third-Party Plaintiffs
57-63 GREENE REALTY, LLC, and
JEFFREY RUDES, LLC.
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, New York 11747
(631) 501-3100
Matter No.: 2015047975 PHS

TO:
LAW OFFICE OF MARIUS C. WESSER, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1700
New York, New York 10007
(646) 736-1940

FAHEY, INC. dba FAHEY DESIGN BUILD
Third-Party Defendant
90 Water Street
New York, New York 10005
(212) 680-1030

LTI CONSTRUCTION CORP.
Third-Party Defendant
90 Water Street
New York, New York 10005
(212) 680-1030

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X

| | |
|---|---|
| CHONG FU HUANG,<br><br>Plaintiff,<br><br>-against-<br><br>57-63 GREENE REALTY, LLC, and<br>JEFFREY RUDES, LLC.,<br><br>Defendants. | **Index No.: 706446/15**<br><br>**THIRD-PARTY COMPLAINT** |

-------------------------------------------------------------------X

| | |
|---|---|
| 57-63 GREENE REALTY, LLC, and<br>JEFFREY RUDES, LLC.,<br><br>Third-Party Plaintiffs,<br><br>-against-<br><br>FAHEY, INC. dba FAHEY DESIGN BUILD and<br>LTI CONSTRUCTION CORP.,<br><br>Third-Party Defendants. | Third-Party<br>Index No.: |

-------------------------------------------------------------------X

The Defendants/Third-Party Plaintiffs, 57-63 GREENE REALTY, LLC, and JEFFREY RUDES, LLC., by their attorneys, LAW OFFICE OF ANDREA G. SAWYERS, as and for its Summons and Third-Party Complaint against the above named Third-Party Defendants, FAHEY, INC. dba FAHEY DESIGN BUILD and LTI CONSTRUCTION CORP., allege upon information and belief the following:

1. That the plaintiff has commenced an action against the defendants/third-party plaintiffs, 57-63 GREENE REALTY, LLC and JEFFREY RUDES, LLC, in the Supreme Court of the State of New York, County of Queens, to recover damages caused by their alleged negligence. A copy of the Summons and Complaint and Supplemental Summons and Amended Verified Complaint are cumulatively annexed hereto and marked as **Exhibit "A."** Attached to this Third-Party Complaint as **Exhibit "B"** is the Verified Answer of the defendants/third-party plaintiffs.

2. That at all times hereinafter mentioned, the defendant/third-party plaintiff, 57-63 GREENE REALTY, LLC, was owner of the premises known as 57 Greene Street, New York 10012.

3. That at all times hereinafter mentioned, the defendant/third-party plaintiff, 57-63 GREENE REALTY, LLC, was the landlord of the premises known as 57 Greene Street, New York 10012

4. That at all times hereinafter mentioned, the defendant/third-party plaintiff, JEFFREY RUDES, LLC, was the tenant of the premises known as 57 Greene Street, New York 10012.

5. That at all times hereinafter mentioned, the defendant/third-party plaintiff, JEFFREY RUDES, LLC, was the tenant of the premises known as 57 Greene Street, New York 10012, pursuant to a written lease

6. That at all times hereinafter mentioned, defendant/third-party plaintiff, JEFFREY RUDES, LLC, entered into a written agreement with third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, for the renovation of the premises known as 57 Greene Street, New York, New York 10012.

7. That at all times hereinafter mentioned, third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, was the Construction Manager for renovation of the premises known as 57 Greene Street, New York, New York 10012.

8. That at all times hereinafter mentioned, third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, entered into a written agreement with third-party defendant, LTI CONSTRUCTION CORP., for third-party defendant, LTI CONSTRUCTION CORP., to perform work as part of the renovation of the premises at 57 Greene Street, New York, New York 10012.

9. That at all times hereinafter mentioned, third-party defendant, LTI CONSTRUCTION CORP., was a contractor performing work at 57 Greene Street, New York 10012.

10. That at all times hereinafter mentioned, plaintiff, CHONG FU HUANG, was an employee of third-party defendant, LTI CONSTRUCTION CORP.

11. That at all times hereinafter mentioned, plaintiff, CHONG FU HUANG, was allegedly injured while in the scope and course of his employment with defendant, LTI CONSTRUCTION CORP.

12. That at all times hereinafter mentioned, third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

13. That at all times hereinafter mentioned, the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, was and still is a business entity authorized to transact business within the State of New York.

14. That at all times hereinafter mentioned, third-party defendant, LTI CONSTRUCTION CORP., was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

15. That at all times hereinafter mentioned, the third-party defendant, LTI CONSTRUCTION CORP., was and still is a business entity authorized to transact business within the State of New York.

16. That on June 17, 2015, the plaintiff, CHONG FU HUANG, an employee of third-party defendant, LTI CONSTRUCTION CORP., which was hired by third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, allegedly sustained personal injuries from an

alleged fall from a scaffold and/or ladder while working at the premises known as 57 Greene Street, New York 10012.

**AS AND FOR A FIRST CAUSE OF ACTION**

17. The defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, repeat and reiterate each and every allegation contained in all the paragraphs, particularly paragraphs numbered "1" through "16" herein with the same force and effect as though the same were herein fully set forth at length.

18. That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's Complaint through any carelessness, recklessness, or negligence, other than the plaintiff's own carelessness, recklessness or negligence, then said damages were sustained by reason of the carelessness, recklessness or negligence and/or acts of omission or commission of the third-party defendant, FAHEY, INC dba FAHEY DESIGN BUILD.

19. That by reason of the foregoing, the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, will be liable to the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, in the event and in the full amount of a recovery herein by the plaintiff, CHONG FU HUANG, or for that proportion thereof caused by the relative responsibility of the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, and said third-party defendant is bound to pay any and all attorney's fees, costs of investigation and disbursements.

**AS AND FOR A SECOND CAUSE OF ACTION**

20. The defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, repeat and reiterate each and every allegation contained in all the paragraphs, particularly paragraphs numbered "1" through "19" herein with the same force and effect as though the same were herein fully set forth at length.

21. If any rules, statutes or ordinances were violated, any of which are specifically denied by defendants/third-party plaintiffs, 57-63 GREENE REALTY, LLC and JEFFREY RUDES, LLC, then such violation was due to the acts or omissions of the third-party defendant, FAHEY, INC dba FAHEY DESIGN BUILD.

22. If the plaintiff shall recover any sum in his action for the injuries allegedly sustained against the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, by reason of the violation of any rule, statute or ordinance, then the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, shall be liable to the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, for all of said sum or such portion thereof as the Court may determine to be the proportionate shares of liability as among the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, and of the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD.

**AS AND FOR A THIRD CAUSE OF ACTION**

23. The defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, repeat and reiterate each and every allegation contained in all the paragraphs, particularly paragraphs numbered "1" through "22" herein with the same force and effect as though the same were herein fully set forth at length.

24. That on or before June 17, 2015, third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, entered into a written agreement with the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC, and JEFFREY RUDES, LLC, to perform renovations at the subject premises.

25. Said written agreement was in full force and effect on June 17, 2015.

26. That at all times hereinafter mentioned, the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, performed work at the said premises pursuant to said agreement.

27. That at all times hereinafter mentioned, pursuant to said agreement, the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, directed, supervised, managed and/or controlled the work that was being performed at the premises at 57 Greene Street, New York, New York.

28. That at all times hereinafter mentioned, the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, did not direct or control the work being performed at the premises at 57 Greene Street, New York, New York.

29. That at all times hereinafter mentioned, pursuant to the aforementioned written agreement, the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, agreed to hold harmless the defendants/third-party plaintiffs, 57-63 GREENE REALTY and JEFFREY RUDES, LLC, from and against any and all claims, actions, damages, liability and expenses in connection with personal injury occasioned in whole or in part by any act or omission of the third-party defendant, FAHEY, INC dba FAHEY DESIGN BUILD.

30. That at all times hereinafter mentioned, pursuant to the aforementioned agreement, the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, agreed to indemnify the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, from and against any and all claims, actions, damages, liability and expense in connection with personal injury occasioned in whole or in part by any act or omission of the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD.

31. That at all times hereinafter mentioned, pursuant to the aforementioned agreement, the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, agreed to indemnify the defendant/third-party plaintiff so that any negligence on the part of defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, shall be deemed the negligence of third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, for purposes of indemnity.

32. That at all times hereinafter mentioned, pursuant to the aforementioned agreement, the third-party defendant, FAHEY, INC dba FAHEY DESIGN BUILD, agreed to reimburse defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, for all attorneys' fees, expenses, disbursements and costs in connection with any claim for personal injury occasioned in whole or in part due to the negligence, act or omission of the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD.

33. That the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, have performed any and all duties and obligations undertaken by it pursuant to the aforesaid agreement, and the defendants/third-party plaintiffs, are hereby entitled to all the representations, warranties, covenants and clauses accruing to its benefit by virtue of the aforesaid hold harmless, indemnification and reimbursement of attorneys' fees provisions of the aforesaid agreement.

34. That if the plaintiff, CHONG FU HUANG, was to sustain said alleged injuries and damages at the time and place mentioned in the Complaint, due to any carelessness and/or negligence, other than the plaintiff's own carelessness and/or negligence, and in the event any judgment is recovered herein by the plaintiff, CHONG FU HUANG, against the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, will be damaged thereby and the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, is or will be responsible therefore by virtue of the terms, covenants, provisions, warranties and clauses contained in the aforesaid agreement.

35. That by reason of the foregoing, the third-party defendant, FAHEY, INC. dba FAHEY DESGN BUILD, will be liable to the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, and bound to indemnify the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, in the event of a

recovery herein by the plaintiff, CHONG FU HUANG, against the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, in the amount of any such recovery as well as any and all attorneys' fees, costs of investigation and disbursements.

**AS AND FOR A FOURTH CAUSE OF ACTION**

36. The defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, repeat and reiterate each and every allegation contained in all the paragraphs, particularly paragraphs numbered "1" through "35" herein with the same force and effect as though the same were herein fully set forth at length.

37. That pursuant to the aforementioned agreement between the defendants/third party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, was to maintain insurance on its own behalf and naming defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, an additionally named insureds pursuant to the terms of said agreement with said insurance policy providing for comprehensive general liability insurance.

38. That upon information and belief, the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, failed and neglected to obtain such insurance thereby breaching the agreement and/or contract between the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, and the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD

39. That as a result of third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD's breach of the aforementioned agreement and/or contract the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC will be damaged by reason of said breach for the full amount of any recovery by the plaintiff, CHONG FU HUANG, herein.

40. If the plaintiff, CHONG FU HUANG, shall recover any sums in this action for injuries allegedly sustained against defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, then the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, shall be liable to the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, for all said sum as a result of the third-party defendants' breach of the agreement and/or contract and the terms thereof to procure insurance.

**AS AND FOR A FIFTH CAUSE OF ACTION**

41. The defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, repeat and reiterate each and every allegation contained in all the paragraphs, particularly paragraphs numbered "1" through "40" herein with the same force and effect as though the same were herein fully set forth at length.

42. That if the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's Complaint through any carelessness, recklessness, or negligence, other than the plaintiff's own carelessness, recklessness or negligence, then said damages were sustained by reason of the carelessness, recklessness or negligence and/or acts of omission or commission of the third-party defendant, LTI CONSTRUCTION CORP..

43. That by reason of the foregoing, the third-party defendant, LTI CONSTRUCTION CORP., will be liable to the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, in the event and in the full amount of a recovery herein by the plaintiff, CHONG FU HUANG, or for that proportion thereof caused by the relative responsibility of the third-party defendant, LTI CONSTRUCTION CORP., and said third-party defendant is bound to pay any and all attorney's fees, costs of investigation and disbursements.

## AS AND FOR A SIXTH CAUSE OF ACTION

44. The defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, repeat and reiterate each and every allegation contained in all the paragraphs, particularly paragraphs numbered "1" through "43" herein with the same force and effect as though the same were herein fully set forth at length.

45. If any rules, statutes or ordinances were violated, any of which are specifically denied by defendants/third-party plaintiffs, 57-63 GREENE REALTY, LLC and JEFFREY RUDES, LLC, then such violation was due to the acts or omissions of the third-party defendant, LTI CONSTRUCTION CORP.

46. If the plaintiff shall recover any sum in his action for the injuries allegedly sustained against the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, by reason of the violation of any rule, statute or ordinance, then the third-party defendant, LTI CONSTRUCTION CORP., shall be liable to the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, for all of said sum or such portion thereof as the Court may determine to be the proportionate shares of liability as among the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, and of the third-party defendant, LTI CONSTRUCTION CORP.

## AS AND FOR A SEVENTH CAUSE OF ACTION

47. The defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, repeat and reiterate each and every allegation contained in all the paragraphs, particularly paragraphs numbered "1" through "46" herein with the same force and effect as though the same were herein fully set forth at length.

48. That on or before June 17, 2015, third-party defendant, LTI CONSTRUCTION CORP., entered into a written agreement with the third-party defendant, FAHEY, INC. dba FAHEY DESIGN BUILD, to perform renovations at the subject premises.

49. Said written agreement was in full force and effect on June 17, 2015.

50. That at all times hereinafter mentioned, the third-party defendant, LTI CONSTRUCTION CORP., performed work at the said premises pursuant to said agreement.

51. That at all times hereinafter mentioned, pursuant to said agreement, the third-party defendant, LTI CONSTRUCTION CORP., directed, supervised, managed and/or controlled the work that was being performed at the premises at 57 Greene Street, New York, New York.

52. That at all times hereinafter mentioned, the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, did not direct or control the work being performed at the premises at 57 Greene Street, New York, New York.

53. That at all times hereinafter mentioned, pursuant to the aforementioned written agreement, the third-party defendant, LTI CONSTRUCTION CORP., agreed to hold harmless the defendants/third-party plaintiffs, 57-63 GREENE REALTY and JEFFREY RUDES, LLC, from and against any and all claims, actions, damages, liability and expenses in connection with personal injury occasioned in whole or in part by any act or omission of the third-party defendant, LTI CONSTRUCTION CORP.

54. That at all times hereinafter mentioned, pursuant to the aforementioned agreement, the third-party defendant, LTI CONSTRUCTION CORP., agreed to indemnify the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, from and against any and all claims, actions, damages, liability and expense in connection with personal injury occasioned in whole or in part by any act or omission of the third-party defendant, LTI CONSTRUCTION CORP.

55. That at all times hereinafter mentioned, pursuant to the aforementioned agreement, the third-party defendant, LTI CONSTRUCTION CORP., agreed to indemnify the defendants/third-party plaintiffs so that any negligence on the part of defendants/third-party

plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, shall be deemed the negligence of third-party defendant, LTI CONSTRUCTION CORP., for purposes of indemnity.

56. That at all times hereinafter mentioned, pursuant to the aforementioned agreement, the third-party defendant, LTI CONSTRUCTION CORP., agreed to reimburse defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, for all attorneys' fees, expenses, disbursements and costs in connection with any claim for personal injury occasioned in whole or in part due to the negligence, act or omission of the third-party defendant, LTI CONSTRUCTION CORP.

57. That the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, have performed any and all duties and obligations undertaken by it pursuant to the aforesaid agreement, and the defendants/third-party plaintiffs, are hereby entitled to all the representations, warranties, covenants and clauses accruing to its benefit by virtue of the aforesaid hold harmless, indemnification and reimbursement of attorneys' fees provisions of the aforesaid agreement.

58. That if the plaintiff, CHONG FU HUANG, was to sustain said alleged injuries and damages at the time and place mentioned in the Complaint, due to any carelessness and/or negligence, other than the plaintiff's own carelessness and/or negligence, and in the event any judgment is recovered herein by the plaintiff, CHONG FU HUANG, against the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, will be damaged thereby and the third-party defendant, LTI CONSTRUCTION CORP, is or will be responsible therefore by virtue of the terms, covenants, provisions, warranties and clauses contained in the aforesaid agreement.

59. That by reason of the foregoing, the third-party defendant, LTI CONSTRUCTION CORP., will be liable to the defendants/third-party plaintiffs, 57-63

GREENE REALTY LLC and JEFFREY RUDES, LLC, and bound to indemnify the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, in the event of a recovery herein by the plaintiff, CHONG FU HUANG, against the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, in the amount of any such recovery as well as any and all attorneys' fees, costs of investigation and disbursements

**AS AND FOR AN EIGHTH CAUSE OF ACTION**

60. The defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, repeat and reiterate each and every allegation contained in all the paragraphs, particularly paragraphs numbered "1" through "59" herein with the same force and effect as though the same were herein fully set forth at length.

61. That pursuant to the aforementioned agreements between the defendants/third party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, and the third-party defendants, the third-party defendant, LTI CONSTRUCTION CORP., was to maintain insurance on its own behalf and naming defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, an additionally named insureds pursuant to the terms of said agreement with said insurance policy providing for comprehensive general liability insurance.

63. That upon information and belief, the third-party defendant, LTI CONSTRUCTION CORP., failed and neglected to obtain such insurance thereby breaching the agreement and/or contract between the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, and the third-party defendants.

64. That as a result of third-party defendant, LTI CONSTRUCTION CORP.'s breach of the aforementioned agreement and/or contract, the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC will be damaged by reason of said breach for the full amount of any recovery by the plaintiff, CHONG FU HUANG, herein.

65. If the plaintiff, CHONG FU HUANG, shall recover any sums in this action for injuries allegedly sustained against defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, then the third-party defendant, LTI CONSTRUCTION CORP., shall be liable to the defendants/third-party plaintiffs, 57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC, for all said sum as a result of the third-party defendants' breach of the agreement and/or contract and the terms thereof to procure insurance.

**WHEREFORE,** defendants/third-party plaintiffs demand judgment dismissing plaintiff's Complaint; and further demand that in the event plaintiff recovers a verdict or judgment against defendants/third-party plaintiffs, then defendants/third-party plaintiffs demand judgment, jointly and severally, over and against third-party defendants; and further demand that the ultimate rights of defendants/third-party plaintiffs and third-party defendants as between themselves be determined in this action and that defendants/third-party plaintiffs have judgment, jointly and severally over and against third-party defendants for all or that portion of any verdict or judgment which may be obtained herein by plaintiff against this defendants/third-party plaintiffs to the extent that the responsibility of third-party defendants contributed thereto, plus

all attorney fees and all costs and expenses herein, together with the costs and disbursements of this action.

Dated: November 9, 2015
Melville, New York

Yours, etc.

LAW OFFICE OF ANDREA G. SAWYERS
By:

PATRICIA H. SEEGERS
Attorneys for Defendants/Third-Party Plaintiffs
57-63 GREENE REALTY LLC and JEFFREY RUDES, LLC
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, New York 11747
(631) 501-3100
Matter No.: 2015047975 PHS

TO:
LAW OFFICE OF MARIUS C. WESSER, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1700
New York, New York 10007
(646) 736-1940

FAHEY, INC. dba FAHEY DESIGN BUILD
Third-Party Defendant
90 Water Street
New York, New York 10005
(212) 680-1030

LTI CONSTRUCTION CORP.
Third-Party Defendant
90 Water Street
New York, New York 10005
(212) 680-1030

State of New York - Department of State
Division of Corporations

Party Served:
57-63 GREENE REALTY, LLC

Plaintiff/Petitioner:
HUANG, CHONG FU

C/O MARK D. MERMEL, ESQ.
2001 MARCUS AVENUE SUITE W180
LAKE SUCCESS, NY 11042

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 06/26/2015 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

INSYNC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CHONG FU HUANG, *Plaintiff*, - *against* - 57-63 GREENE REALTY, LLC, *Defendant*. | Index No.: 706446/15 |

**NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING**
**SUPREME COURT CASES**

PLEASE TAKE NOTICE that the plaintiff in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Each party served with this Notice must promptly file with the court and serve on all other parties either a consent or a declination of consent to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

**General Information**

Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or bank card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

**Instructions**

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. Each party served with this Notice may consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if an authorized e-filing user, by filing a consent electronically in the manner provided at the NYSCEF site. Parties who do not wish to consent must file and serve a written declination of consent. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must PROMPTLY create aNYSCEF account and obtain the confidential Filing User Identification Number and Password necessary to use the system. To create aNYSCEF account, go to www.nycourts.gov/efile, click the Create an Account link, and follow the instructions.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007.

Dated: New York, New York
June 19, 2015

LAW OFFICES OF MARIUS C. WESSER, P.C.
*Attorneys for Plaintiff*
225 Broadway, Suite 1700
New York, NY 10007
Tel.: (646) 736-1940
Fax: (646) 736-1938
e-mail: mcw@mwesser.com

TO: 57-63 GREENE REALTY, LLC
*Defendant*
c/o Mark D. Mermel, Esq.
2001 Marcus Avenue, Suite W180
Lake Success, New York, 11042

INSYNC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CHONG FU HUANG,<br><br>*Plaintiff,*<br><br>*- against -*<br><br>57-63 GREENE REALTY, LLC,<br><br>*Defendant.* | Index No.: 706446/15<br>Date Filed: 6/19/15<br><br>SUMMONS<br><br>Plaintiff's Residence:<br>104-48 37th Drive<br>Corona, NY 11368 |

TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates Queens County as the place of trial. The basis of the venue is the residence of the plaintiff, as set forth above.

DATED: New York, New York
June 19, 2015

Yours, *etc.*

LAW OFFICES OF MARIUS C. WESSER, P.C.
*Attorney for Plaintiff*
Office and Post Office Address:
225 Broadway, Suite 1700
New York, New York 10007
Tel. No.: (646) 736-1940

TO: 57-63 GREENE REALTY, LLC
*Defendant*
c/o Mark D. Mermel, Esq.
2001 Marcus Avenue, Suite W180
Lake Success, New York, 11042

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CHONG FU HUANG, *Plaintiff*, - *against* - 57-63 GREENE REALTY, LLC, *Defendant*. | Index No.: 706446/15 VERIFIED COMPLAINT |

Plaintiff, CHONG FU HUANG, by his attorney, LAW OFFICES OF MARIUS C. WESSER, P.C., complaining of the defendant, 57-63 GREENE REALTY, LLC, respectfully alleges, upon information and belief, as follows:

AS AND FOR A FIRST CAUSE OF ACTION

1. That at all times hereinafter mentioned, plaintiff was and still is a resident of the County of Queens, State and City of New York.

2. That at all times hereinafter mentioned, the defendant, 57-63 GREENE REALTY, LLC (hereinafter "GREENE"), was and is a domestic limited liability company organized under and existing by virtue of the laws of the State of New York.

3. That at all times mentioned herein, the defendant, GREENE, owned the retail premises at the ground floor of 57 Greene Street, in the County, City and State of New York (hereinafter "the Premises").

4. That at all times mentioned herein, plaintiff, CHONG FU HUANG, was employed by LTI Construction Corp.

5. That at all times hereinafter mentioned, and on or prior to June 17, 2015, LTI Construction Corp. was a sub-contractor engaged in the erection, demolition, repairing, altering, painting, cleaning or pointing of the Premises.

6. On or about June 17, 2015, while plaintiff was working on the Premises, within the scope of his employment, he was caused to fall and sustain severe permanent personal injuries due to the negligent, reckless and careless acts and omissions of the defendant herein.

7. The defendant, its agents, servants, and/or employees were negligent, reckless and careless in failing to furnish, erect or cause to be furnished or erected, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes or other devices which would have given the plaintiff proper protection; in failing to provide the plaintiff with a reasonably safe place to work; in failing to insure that the areas in which the construction work was being performed were so constructed, shored, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to plaintiff in the course of his employment; in failing to provide plaintiff with safe working conditions; in failing to exercise reasonable care, prudence and diligence in and about the construction site; and in being otherwise negligent.

8. The defendant knew, or should have known, of such dangerous conditions.

9. That the accident, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the defendant, its agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

10. As a result of the negligence of the defendant as aforesaid, the plaintiff, CHONG FU HUANG, was rendered sick, sore, lame and disabled and so remains; sustained severe injuries in and to the body and limbs, nervous and psychic systems; suffered, still suffers and, upon information and belief, will continue to suffer severe mental and physical pain; was obliged to, did, and will continue to undergo medical treatment and attention.

11. By reason of the foregoing, the plaintiff, CHONG FU HUANG, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION

12. Plaintiff, CHONG FU HUANG, repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of this complaint marked and numbered "1" through "11," inclusive, with the same force and effect as if set forth more fully at length herein.

13. That on June 17, 2015, there existed, in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

14. That the defendant, its agents, servants, and/or employees, jointly and severally, violated Section 200 of the Labor Law of the State of New York.

15. By reason of the foregoing, the plaintiff, CHONG FU HUANG, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

AS AND FOR A THIRD CAUSE OF ACTION

16. Plaintiff, CHONG FU HUANG, repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of this complaint marked and numbered "1" through "16," inclusive, with the same force and effect as if set forth more fully at length herein.

17. That on June 17, 2015, there existed, in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York.

18. That the defendant, its agents, servants, and/or employees, jointly and severally, violated Section 240 of the Labor Law of the State of New York.

19. By reason of the foregoing, the plaintiff, CHONG FU HUANG, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

AS AND FOR A FOURTH CAUSE OF ACTION

20. Plaintiff, CHONG FU HUANG, repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of this complaint marked and numbered "1" through "19," inclusive, with the same force and effect as if set forth more fully at length herein.

21. That on June 17, 2015, there existed, in full force and effect, within the State of New York, Section 241(6) of the Labor Law of the State of New York.

22. That the defendant, its agents, servants, and/or employees, jointly and severally, violated Section 241(6) of the Labor Law of the State of New York.

23. By reason of the foregoing, the plaintiff, CHONG FU HUANG, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff, CHONG FU HUANG, demands judgment against the defendant, on the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; plaintiff, CHONG FU HUANG, demands judgment against the defendant, on the Second Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; plaintiff, CHONG

FU HUANG, demands judgment against the defendant, on the Third Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; plaintiff, CHONG FU HUANG, demands judgment against the defendant, on the Fourth Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; together with the costs and disbursements of this action.

DATED: New York, New York
June 19, 2015

Yours, *etc.*

LAW OFFICES OF MARIUS C. WESSER, P.C.
*Attorney for Plaintiff*
Office and Post Office Address:
225 Broadway, Suite 1700
New York, New York 10007
Tel. No.: (646) 736-1940

TO: 57-63 GREENE REALTY, LLC
*Defendant*
c/o Mark D. Mermel, Esq.
2001 Marcus Avenue, Suite W180
Lake Success, New York, 11042

# VERIFICATION

MARIUS C. WESSER, an attorney and counsellor at law, duly admitted to practice in the Courts of the State of New York, and mindful of the penalties of perjury, hereby affirms the truth of the following:

FIRST: I am the attorney for the plaintiff in this action, and my offices are located at 225 Broadway, 17th Floor, within the County of New York. This verification is made by me because the plaintiff is not within the County of New York.

SECOND: I have read the foregoing and know its contents. The same is true to my knowledge, except as to those matters alleged on information and belief, and as to those matters, I believe it to be true.

THIRD: The sources of my information, and grounds of my belief, as to all matters not stated to be made upon my knowledge, are writings maintained in the office file.

Dated: New York, New York
June 19, 2015

MARIUS C. WESSER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CHONG FU HUANG, *Plaintiff*, - *against* - 57-63 GREENE REALTY, LLC, *Defendant*. | Index No.: 706446/15 |

SUMMONS & COMPLAINT

LAW OFFICES OF MARIUS C. WESSER, P.C.
*Attorney for Plaintiff*
225 Broadway, Suite 1701
New York, New York 10007
Telephone: (646) 736-1940

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested

USPS CERTIFIED MAIL

USPS CERTIFIED MAIL

9214 8969 0059 7934 1361 57

201507010188
C/O MARK D. MERMEL, ESQ.
2001 MARCUS AVENUE SUITE W180
LAKE SUCCESS NY,11042

US POSTAGE
$ 004.87

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CHONG FU HUANG,<br><br>*Plaintiff,*<br><br>- *against* -<br><br>57-63 GREENE REALTY, LLC, and<br>JEFFREY RUDES, LLC,<br><br>*Defendant.* | Index No.: 706446/15<br>Date Filed: 6/19/15<br><br>SUPPLEMENTAL<br>SUMMONS<br><br>Plaintiff's Residence:<br>104-48 37th Drive<br>Corona, NY 11368 |

TO THE ABOVE-NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Plaintiff designates Queens County as the place of trial. The basis of the venue is the residence of the plaintiff, as set forth above.

DATED: New York, New York
August 21, 2015

Yours, *etc.*

LAW OFFICES OF MARIUS C. WESSER, P.C.
*Attorney for Plaintiff*
Office and Post Office Address:
225 Broadway, Suite 1700
New York, New York 10007
Tel. No.: (646) 736-1940

TO: 57-63 GREENE REALTY, LLC
*Defendant*
c/o Mark D. Mermel, Esq.
2001 Marcus Avenue, Suite W180
Lake Success, New York, 11042

JEFFREY RUDES, LLC
*Defendant*
Attn.: JEFFREY RUDES
57 Greene Street
New York, New York 10012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CHONG FU HUANG,<br><br>*Plaintiff*,<br><br>*- against -*<br><br>57-63 GREENE REALTY, LLC, and<br>JEFFREY RUDES, LLC,<br><br>*Defendant.* | Index No.: 706446/15 |

SUPPLEMENTAL SUMMONS & AMENDED VERIFIED COMPLAINT

LAW OFFICES OF MARIUS C. WESSER, P.C.
*Attorney for Plaintiff*
225 Broadway, Suite 1700
New York, New York 10007
Telephone: (646) 736-1940

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | | |
|---|---|---|
| CHONG FU HUANG,<br><br>*Plaintiff*,<br><br>*- against -*<br><br>57-63 GREENE REALTY, LLC, and JEFFREY RUDES, LLC,<br><br>*Defendant.* | ) | Index No.: 706446/15<br><br>AMENDED VERIFIED COMPLAINT |

Plaintiff, CHONG FU HUANG, by his attorney, LAW OFFICES OF MARIUS C. WESSER, P.C., as and for an Amended Verified Complaint, complaining of the defendants, 57-63 GREENE REALTY, LLC, and JEFFREY RUDES, LLC, respectfully alleges, upon information and belief, as follows:

AS AND FOR A FIRST CAUSE OF ACTION

1. This amendment is timely made pursuant to CPLR § 3025 (a).

2. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Queens, State and City of New York.

3. That at all times hereinafter mentioned, the defendant, 57-63 GREENE REALTY, LLC (hereinafter "GREENE"), was and is a domestic limited liability company organized under and existing by virtue of the laws of the State of New York.

4. That at all times hereinafter mentioned, the defendant, JEFFREY RUDES, LLC (hereinafter "RUDES"), was and is a foreign limited liability company authorized to do business in the State of New York.

5. That at all times mentioned herein, the defendant, GREENE, owned the retail premises at the ground floor of 57 Greene Street, in the County, City and State of New York (hereinafter "the Premises").

6. That at all times mentioned herein, the defendant, RUDES, occupied the Premises pursuant to a lease dated October 7, 2014.

7. That at all times mentioned herein, plaintiff, CHONG FU HUANG, was employed by LTI Construction Corp.

8. That at all times hereinafter mentioned, and on or prior to June 17, 2015, LTI Construction Corp. was a sub-contractor engaged in the erection, demolition, repairing, altering, painting, cleaning or pointing of the Premises, pursuant to a contract with RUDES.

9. On or about June 17, 2015, while plaintiff was working on the Premises, within the scope of his employment, he was caused to fall and sustain severe permanent personal injuries due to the negligent, reckless and careless acts and omissions of the defendant herein.

10. The defendants, their agents, servants, and/or employees were negligent, reckless and careless in failing to furnish, erect or cause to be furnished or erected, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes or other devices which would have given the plaintiff proper protection; in failing to provide the plaintiff with a reasonably safe place to work; in failing to insure that the areas in which the construction work

was being performed were so constructed, shored, equipped, guarded, arranged, operated and conducted so as to provide reasonable and adequate protection and safety to plaintiff in the course of his employment; in failing to provide plaintiff with safe working conditions; in failing to exercise reasonable care, prudence and diligence in and about the construction site; and in being otherwise negligent.

11. The defendants knew, or should have known, of such dangerous conditions.

12. That the accident, and the injuries resulting therefrom, were caused solely and wholly by reason of the negligence of the defendants, their agents, servants and/or employees without any fault, want of care or culpable conduct on the part of the plaintiff contributing thereto.

13. As a result of the negligence of the defendants as aforesaid, the plaintiff, CHONG FU HUANG, was rendered sick, sore, lame and disabled and so remains; sustained severe injuries in and to the body and limbs, nervous and psychic systems; suffered, still suffers and, upon information and belief, will continue to suffer severe mental and physical pain; was obliged to, did, and will continue to undergo medical treatment and attention.

14. By reason of the foregoing, the plaintiff, CHONG FU HUANG, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

AS AND FOR A SECOND CAUSE OF ACTION

15. Plaintiff, CHONG FU HUANG, repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of this complaint marked and numbered "1" through "14," inclusive, with the same force and effect as if set forth more fully at length herein.

16. That on June 17, 2015, there existed, in full force and effect, within the State of New York, Section 200 of the Labor Law of the State of New York.

17. That the defendants, their agents, servants, and/or employees, jointly and severally, violated Section 200 of the Labor Law of the State of New York.

18. By reason of the foregoing, the plaintiff, CHONG FU HUANG, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

AS AND FOR A THIRD CAUSE OF ACTION

19. Plaintiff, CHONG FU HUANG, repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of this complaint marked and numbered "1" through "18," inclusive, with the same force and effect as if set forth more fully at length herein.

20. That on June 17, 2015, there existed, in full force and effect, within the State of New York, Section 240 of the Labor Law of the State of New York.

21. That the defendants, their agents, servants, and/or employees, jointly and severally, violated Section 240 of the Labor Law of the State of New York.

22. By reason of the foregoing, the plaintiff, CHONG FU HUANG, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

AS AND FOR A FOURTH CAUSE OF ACTION

23. Plaintiff, CHONG FU HUANG, repeats, reiterates and re-alleges each and every allegation contained in the paragraphs of this complaint marked and numbered "1" through "22," inclusive, with the same force and effect as if set forth more fully at length herein.

24. That on June 17, 2015, there existed, in full force and effect, within the State of New York, Section 241(6) of the Labor Law of the State of New York.

25. That the defendants, their agents, servants, and/or employees, jointly and severally, violated Section 241(6) of the Labor Law of the State of New York.

26. By reason of the foregoing, the plaintiff, CHONG FU HUANG, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, the plaintiff, CHONG FU HUANG, demands judgment against the defendants, on the First Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; the plaintiff, CHONG FU HUANG, demands judgment against the defendants, on the Second Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; the plaintiff, CHONG FU HUANG, demands judgment against the defendants, on the Third Cause of

Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; the plaintiff, CHONG FU HUANG, demands judgment against the defendants, on the Fourth Cause of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction; together with the costs and disbursements of this action.

DATED: New York, New York
August 21, 2015

Yours, *etc.*

LAW OFFICES OF MARIUS C. WESSER, P.C.
*Attorney for Plaintiff*
Office and Post Office Address:
225 Broadway, Suite 1700
New York, New York 10007
Tel. No.: (646) 736-1940

TO: 57-63 GREENE REALTY, LLC
*Defendant*
c/o Mark D. Mermel, Esq.
2001 Marcus Avenue, Suite W180
Lake Success, New York, 11042

JEFFREY RUDES, LLC
*Defendant*
Attn.: JEFFREY RUDES
57 Greene Street
New York, New York 10012

# VERIFICATION

MARIUS C. WESSER, an attorney and counsellor at law, duly admitted to practice in the Courts of the State of New York, and mindful of the penalties of perjury, hereby affirms the truth of the following:

FIRST: I am the attorney for the plaintiff in this action, and my offices are located at 225 Broadway, 17th Floor, within the County of New York. This verification is made by me because the plaintiff is not within the County of New York.

SECOND: I have read the foregoing and know its contents. The same is true to my knowledge, except as to those matters alleged on information and belief, and as to those matters, I believe it to be true.

THIRD: The sources of my information, and grounds of my belief, as to all matters not stated to be made upon my knowledge, are writings maintained in the office file.

Dated: New York, New York
August 21, 2015

MARIUS C. WESSER

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| CHONG FU HUANG,<br><br>*Plaintiff*,<br><br>*- against -*<br><br>57-63 GREENE REALTY, LLC, and JEFFREY RUDES, LLC,<br><br>*Defendant.* | Index No.: 706446/15 |

SUPPLEMENTAL SUMMONS & AMENDED VERIFIED COMPLAINT

LAW OFFICES OF MARIUS C. WESSER, P.C.
*Attorney for Plaintiff*
225 Broadway, Suite 1700
New York, New York 10007
Telephone: (646) 736-1940

P451260

Form 19 - SECRETARY OF STATE

**MARIUS C. WESSER, ESQ** MARIUS C. WESSER, ESQ
SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

| | | |
|---|---|---|
| CHONG FU HUANG | | index No. **706446/15** |
| | PLAINTIFF | Date Filed |
| - vs - | | Office No. |
| 57-63 GREENE REALTY, LLC | | Court Date. |
| | DEFENDANT | |

STATE OF NEW YORK, COUNTY OF NEW YORK :SS:

**STEVE AVERY** being duly sworn, deposes and says that he is over the age of 18 years, resides in the State of New York and is not a party to this action. That on the **26TH** day of **JUNE, 2015** at **1:00PM** at the Office of the Secretary of State of the State of New York in the City of Albany, New York, he served the
**SUMMONS AND VERIFIED COMPLAINT, NOTICE OF ELECTRONIC FILING AVAILABILITY**
**UPON: 57-63 GREENE REALTY, LLC**
the **DEFENDANT** in this action, by delivering to and leaving with
**NANCY DOUGHERTY , AGENT**

in the office of the Secretary of State of New York, two true copies thereof and at the same time of making such service, deponent paid said Secretary of State, a fee of 40.00 . That said service was made pursuant to Section 303 LLC.

Deponent further describes the person actually served as follows:

SEX: **FEMALE** COLOR: **WHITE** HAIR: **BROWN**
APP.AGE: **55** APP. HT: **5/4** WEIGHT: **145**
OTHER IDENTIFYING FEATURES:

COMMENTS:

Sworn to before me this
08TH day of JULY, 2015

PARAG SEDANI
Notary Public, State of New York
No. 01-SE6149441
Qualified in QUEENS COUNTY
Commission Expires 07/10/2018

STEVE AVERY
inSync Litigation Support, LLC
75 MAIDEN LANE 11TH FLOOR
NEW YORK, NY 10038
Reference No: 3-MCW-F-451260

State of New York - Department of State
Division of Corporations

Party Served:
57-63 GREENE REALTY, LLC

Plaintiff/Petitioner:
HUANG, CHONG FU

C/O MARK D. MERMEL, ESQ.
2001 MARCUS AVENUE SUITE W180
LAKE SUCCESS, NY 11042

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 06/26/2015 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

# NYSCEF - Queens County Supreme Court
# Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

**Chong Fu Huang - v. - 57-63 Greene Realty, LLC**

**706446/2015**

## Documents Received on 09/15/2015 02:55 PM

| Doc # | Document Type | Motion # |
|---|---|---|
| 5 | ANSWER<br>Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User


Name: **PATRICIA HUGHES SEEGERS**

Phone #: E-mail Address: **pseegers@travelers.com**

Fax #: Work Address: **3 HUNTINGTON QUAD**
**MELVILLE, NY 11747**


## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 09/15/2015 02:55 PM:

**SEEGERS, PATRICIA HUGHES - pseegers@travelers.com**

**Wesser, Marius Charles - mcw@mwesser.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Audrey I. Pheffer, Queens County Clerk and Clerk of the Supreme Court - apheffer@nycourts.gov**
Phone: 718-298-0173, 718-298-0601 Website: https://www.nycourts.gov/COURTS/11jd/queensclerk

**NYSCEF Resource Center - EFile@nycourts.gov**
**Phone:** (646) 386-3033 **Fax:** (212) 401-9146 **Website:** www.nycourts.gov/efile

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------------X

CHONG FU HUANG,

Index No.: 706446/15

Plaintiff,

-against-

**DEMAND PURSUANT TO CPLR 3017(c)**

57-63 GREENE REALTY, LLC, and
JEFFREY RUDES, LLC,

Defendants.

-------------------------------------------------------------------------X

**COUNSELORS:**

Pursuant to CPLR §3017(c) within fifteen (15) days from the date of service of this request, you are hereby required to set forth the total damages to which plaintiff deems himself entitled and list same separately for each cause of action.

Dated: September 14, 2015
Melville, New York

Yours, etc.
LAW OFFICE OF ANDREA G. SAWYERS

By: ____________________
PATRICIA H. SEEGERS
Attorneys for Defendants
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, New York 11747
(631) 501-3100
Matter No.: 2015047975 PHS

TO:

LAW OFFICES OF MARIUS C. WESSER, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1700
New York, New York 10007
(646) 736-1940

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------------X

CHONG FU HUANG,

Index No.: 706446/15

Plaintiff,

-against-

**VERIFIED ANSWER**

57-63 GREENE REALTY, LLC, and
JEFFREY RUDES, LLC,

Defendants.

-------------------------------------------------------------------------X

**COUNSELORS:**

The defendants, 57-63 GREENE REALTY, LLC, and JEFFREY RUDES, LLC, answering the Amended Verified Complaint of the plaintiff, allege upon information and belief, the following:

**AS AND FOR A FIRST CAUSE OF ACTION**

FIRST: Denies each and every allegation contained in the paragraphs of the Amended Verified Complaint designated "10", "11", "12", and "13".

SECOND: Denies each and every allegation contained in the paragraph of the Amended Verified Complaint designated "14", and respectfully refers all questions of law and fact contained therein to the Trial Court.

THIRD: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraphs of the Amended Verified Complaint designated "1", "2", "7", "8", and "9", and refers all questions of law to the Court.

## AS AND FOR A SECOND CAUSE OF ACTION

FOURTH: Responding to the paragraph of the Amended Verified Complaint designated "15", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs numbered "1" – "14" with the same force and effect as if set forth at length herein.

FIFTH: Denies each and every allegation contained in the paragraphs of the Amended Verified Complaint designated "17", and "18", and respectfully refers all questions of law and fact contained therein to the Trial Court.

SIXTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Amended Verified Complaint designated "16", and refers all questions of law to the Court.

## AS AND FOR A THIRD CAUSE OF ACTION

SEVENTH: Responding to the paragraph of the Amended Verified Complaint designated "19", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs numbered "1" – "18" with the same force and effect as if set forth at length herein.

EIGHTH: Denies each and every allegation contained in the paragraphs of the Amended Verified Complaint designated "21", and "22", and respectfully refers all questions of law and fact contained therein to the Trial Court.

NINTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Amended Verified Complaint designated "20", and refers all questions of law to the Court.

## AS AND FOR A FOURTH CAUSE OF ACTION

TENTH: Responding to the paragraph of the Amended Verified Complaint designated "23", repeats and reiterates each and every admission, denial and other response heretofore made to the preceding paragraphs numbered "1" – "22" with the same force and effect as if set forth at length herein.

ELEVENTH: Denies each and every allegation contained in the paragraphs of the Amended Verified Complaint designated "25", and "26", and respectfully refers all questions of law and fact contained therein to the Trial Court.

TWELFTH: Denies any knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraph of the Amended Verified Complaint designated "24", and refers all questions of law to the Court.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

That by entering into the activity in which plaintiff was engaged at the time of the occurrence set forth in the Complaint, said plaintiff knew the hazards thereof, the risks inherent thereto and had full knowledge of the dangers thereof; that whatever injuries and damages were sustained by plaintiff as alleged in the Complaint arose from and were caused by reason of such inherent risks voluntarily undertaken by the plaintiff in his/her activities and such risks were assumed and accepted by him/her in performing and engaging in said activities.

AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

That the plaintiff's alleged damages representing the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss were or will, with reasonable certainty, be replaced or indemnified, in whole or in part, by or from a collateral source and this Court shall, pursuant to CPLR Section 4545(c), reduce the amount of such alleged damages by the amount such damages were or will be replaced or indemnified by such collateral source.

AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

Answering defendants' responsibility for non-economic loss, if any, which is expressly denied herein, is less than 50% of any responsibility attributed to any tortfeasor, whether or not a party hereto, who is or may be responsible for the happening of plaintiff's alleged accident and, thus, such party is entitled to a limitation of damages as set forth in CPLR Article 16.

AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

The injuries and damages allegedly sustained by plaintiff were caused in whole or in part by the culpable conduct of plaintiff, including negligence and assumption of risk, as a result of which the claim of plaintiff is therefore barred or diminished in the proportion that such culpable conduct of plaintiff bears to the total culpable conduct causing the alleged injuries and damages.

AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted as to this party.

AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

That in the event plaintiff has or should in the future, settle any portion of the claims arising from the allegations contained in plaintiff's Complaint with any currently named or still

to be named defendant(s), the respective rights of the remaining parties should be determined pursuant to Section 15-108 of the General Obligations Law.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

Upon information and belief plaintiff failed to mitigate damages.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

Plaintiff's injuries, if any, were caused by the culpable conduct of parties other than the answering defendant and over whom defendant had no control.

**AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

Upon information and belief, if plaintiff failed to properly wear protective equipment, such failure is pleaded in mitigation of damages.

**AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

Plaintiff's Complaint should be dismissed on the ground that plaintiff was, at all times hereinafter mentioned, a "recalcitrant worker," and willfully failed and refused to utilize available safety devices.

**AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

That plaintiff's own actions were the sole proximate cause of any claimed injuries sustained by plaintiff.

**AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE**

Upon information and belief, the injuries and damages alleged were caused by the culpable conduct of a fellow servant.

**WHEREFORE,** defendants, 57-63 GREENE REALTY, LLC, and JEFFREY RUDES, LLC, demand judgment that the Amended Verified Complaint be dismissed with costs and disbursements of this action.

Dated: September 14, 2015
Melville, New York

Yours, etc.
LAW OFFICE OF ANDREA G. SAWYERS

By: ______________________
PATRICIA H. SEEGERS
Attorneys for Defendants
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, New York 11747
(631) 501-3100
Matter No.: 2015047975 PHS

TO:

LAW OFFICES OF MARIUS C. WESSER, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1700
New York, New York 10007
(646) 736-1940

**ATTORNEY VERIFICATION**

PATRICIA H. SEEGERS, affirms as follows:

I am an attorney at law admitted to practice in the Courts of the State of New York, and am associated with the LAW OFFICE OF ANDREA G. SAWYERS, attorneys for defendant in the within action, and as such, I am fully familiar with all the facts and circumstances therein.

That our ANSWER is true to the knowledge of affirmant, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters affirmant believes it to be true.

Affirmant further states that the reason that this verification is made by affirmant and not by defendant is that the defendant is not within this County of Suffolk where affirmant maintains his office.

Affirmant further states that the sources of his knowledge and information are reports of investigations, conversations, writings, memoranda, and other data concerning the subject matter of the litigation.

The undersigned attorney affirms that the foregoing statements are true, under the penalties of perjury pursuant to Rule 2106 of the CPLR.

Dated: September 14, 2015
Melville, New York

PATRICIA H. SEEGERS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
CHONG FU HUANG,

Index No.: 706446/15

Plaintiff,

-against-

**DEMAND FOR A VERIFIED BILL OF PARTICULARS**

57-63 GREENE REALTY, LLC, and
JEFFREY RUDES, LLC,

Defendants.
------------------------------------------------------------------------X

**COUNSELORS:**

***PLEASE TAKE NOTICE*** that this answering party, represented by the LAW OFFICE OF ANDREA G. SAWYERS, the undersigned attorneys, requires that plaintiff serve upon said attorneys within thirty (30) days after service upon plaintiff of a copy of this demand, a verified Bill of Particulars, setting forth the following:

1. The date and time of day of the alleged occurrence.

2. With respect to the location where it is alleged the occurrence took place, state:

   (a) the address of the premises in, at or near where the occurrence took place;

   (b) the location where the occurrence took place as nearly as may be stated so as to permit ready identification and location;

   (c) with regard to any stairway involved, specify the location of the stairway and of the step from which plaintiff claims he fell (street or ground floor to be counted as the first floor);

   (d) with regard to any sidewalk involved, the location of the condition on the sidewalk, setting forth the distance from the nearest curb or intersecting street or from the building line or from another described fixed object;

   (e) with regard to any other floor or other surface, the location thereof in sufficient detail to permit ready identification and location and by distance from at least three described fixed objects;

(f) the location within the premises of any involved equipment, part or appurtenance (describe in adequate detail to permit ready identification and location);

(g) with regard to any elevator involved, the specific elevator involved (if there were more than one) and on what floor (or between what floors) was the elevator at the time of the occurrence.

3. Statement of the acts or omissions constituting the negligence claimed, if any, of the answering defendant.

4. If any dangerous or defective condition is alleged:

(a) State the nature of the alleged dangerous or defective condition.

(b) Set forth the exact location of the defect.

5. State whether it will be claimed that the answering defendant had actual or constructive notice of said condition.

6. If actual notice is claimed:

(a) A statement of when and to whom same was given, stating the names and date.

(b) If actual notice is claimed to have been in writing provide the name of the author, the date of the writing and a copy of said writing.

(c) If it is alleged that the answering defendant or the agent, servant and/or employee of the answering defendant caused or created the condition, state the name of the person who caused or created the condition and the date when said condition was caused or created.

7. If constructive notice is claimed, state:

(a) Nature of condition;

(b) Location of condition;

(c) Duration of condition with date of inception to date constructive notice will be claimed to be given the answering defendant.

8. If it is claimed that the answering defendants breached any agreement, bailment, contract, lease, permit or warranty, or is liable pursuant to the terms of any agreement, bailment, contract, lease, permit or warranty:

(a) State whether such agreement, bailment, contract, lease, permit or warranty was oral or in writing.

(b) If oral:

(i) On what date was said agreement, bailment, contract, lease, permit or warranty entered into?

(ii) Where was it entered into?

(iii) Who acted on behalf of each party to it?

(iv) Set forth all of the terms and conditions of the agreement, bailment, contract, lease, permit or warranty.

(c) If in writing, set forth a full, true and complete copy of the agreement, bailment, contract, lease, permit or warranty.

9. State the manner in which it will be claimed that the answering defendant breached its (their) agreement, bailment, contract, lease, permit or warranty.

10. If strict liability is claimed against the answering defendant, state:

(a) The nature and basis of same;

(b) The manner in which the answering defendant is strictly liable.

11. If Labor Law violations are claimed, state:

(a) Section or regulation by number alleged to have been violated by the answering defendant;

(b) Nature and basis of same;

(c) The manner in which the answering defendant is alleged to have violated same.

12. If it is claimed that Section 200 of the Labor Law was violated:

(a) The connection if any, of the party represented by the undersigned to the methods and details of the work being performed;

(b) Set forth the basis and particulars of any claim that the plaintiff was not provided with reasonably safe place to work.

13. If it is claimed that Section 240(1) of the Labor Law was violated set forth:

(a) How the plaintiff was not provided with proper protection;

(b) State whether or not the plaintiff alleges he/she was not provided with any safety devices and if not, set forth the device or devices it will be alleged the plaintiff should have been provided with;

(c) Identify with particularity the nature of the hazard it will be alleged that from which the plaintiff was not given proper protection.

14. If it is alleged that the defendant violated Section 241(6) of the Labor Law, set forth:

(a) The basis for the claim that the plaintiff was not provided with a reasonably safe place to work;

(b) Set forth how the subject construction site was not so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide a reasonable and adequate protection and safety;

(c) Set forth the title, part, section and subsection of the industrial code regulations that will be allegedly violated by the defendant;

(d) State whether or not it will be claimed that there is any basis for attaching liability against the defendant represented by the undersigned other than by virtue of an alleged breach of the nondelegable duties imposed by the Labor Law and if so;

(i) Set forth whether it is alleged that the defendant represented by the undersigned was actively and/or primarily negligent; and if so;

(ii) Set forth the basis and nature of such active and/or primary negligence.

15. State whether or not it claimed that the defendant represented by the dersigned violated Section 241-a and if so:

(a) State whether the plaintiff was working in or at an elevator shaftway, hatchway or stairwell;

(b) Set forth the dimensions of the elevator shaftway, hatchway and/or stairwell;

(c) Set forth the floor level of the building at which the plaintiff was

working as well as the number of stories of said building above the level at which the plaintiff was working and the number of stories below;

(d) Set forth the basis of any allegation hereunder that the plaintiff was not given proper protection pursuant to such statute.

16. If a nuisance and/or trespass is claimed, state:

(a) Condition allegedly constituting same;

(b) Nature of said condition;

(c) Length of time it was in existence prior to the date of the occurrence.

17. If res ipsa loquitur is claimed against the answering defendant, state the nature and basis of same.

18. If it is claimed that the answering defendant violated any law, ordinance, regulation, rule or statute, specify the title, chapter and section of the law, ordinance, regulation, rule or statute which it is alleged that the answering defendant violated.

19. Set forth each and every injury and/or condition allegedly sustained by each plaintiff as a result of the said occurrence indicating:

(a) It's nature, extent, location and duration;

(b) A complete description of any injury and/or condition claimed to be residual or permanent; and

(c) The name and address of each physician, dentist, osteopath, chiropractor, nurse, physiotherapist or other medical practitioner treating or examining the plaintiff; the date of each visit; and, whether treatment has ceased or is continuing.

20. Give the length of time and specific dates it is claimed that each plaintiff was confined by reason of the alleged injuries:

(a) To bed;

(b) To house; and,

(c) If treated at or confined to a hospital or other medical facility, state the name and address thereof, and the dates of admission and discharge. If not confined to a hospital or other medical facility,

so state.

21. State with respect to each plaintiff:

(a) Plaintiff's place and date of birth and social security number. If plaintiff is a married woman, state maiden name.

(b) Plaintiff's occupation at the time of the occurrence, with a description of plaintiff's duties;

(c) The name and address of plaintiff's employer at the time of the alleged occurrence.

(d) The daily or weekly earnings (gross and net) at the time of the occurrence.

(e) If plaintiff was self-employed, set forth the business name and address of the plaintiff and the annual income (gross and net) of plaintiff from said business.

(f) Whether the plaintiff was incapacitated from said employment; if so, the length of time including the specific dates that the plaintiff was allegedly incapacitated from attending to said employment.

(g) If the plaintiff was a student, the name and address of the school attended and the dates, if any, when the plaintiff was absent from school.

22. Set forth the total amounts claimed to have been spent or incurred by or on behalf of each plaintiff (setting forth the name of each provider of services along with the amount of the bill) for:

(a) Hospital, clinic or other medical institutions' expenses;

(b) X-rays;

(c) Physicians' services;

(d) Nurses' services;

(e) Medical supplies;

(f) Loss of earnings and the basis of computation thereof; and,

(g) Amount and nature (describing in detail) of any other special damages claimed.

23. Pursuant to Rule 3118 of the Civil Practice Law and Rules, demand is hereby made that you furnish the undersigned with a verified statement setting forth the post office address and residence of each plaintiff indicating the street and number as well as the city and state.

***PLEASE TAKE FURTHER NOTICE***, that in the event you have no knowledge of any or all of the above, same shall be so stated.

***PLEASE TAKE FURTHER NOTICE***, that these are continuing demands and supplemental responses up to the time the case is placed on the trial calendar are required.

***PLEASE TAKE FURTHER NOTICE***, that in the event of your failure to furnish such a Bill of Particulars within the said period of thirty (30) days, a motion will be made for an order precluding you from giving any evidence at the trial of the above items for which particulars have not been delivered in accordance with said demand.

Dated: September 14, 2015
Melville, New York

Yours, etc.
LAW OFFICE OF ANDREA G. SAWYERS

By: ______________________
PATRICIA H. SEEGERS
Attorneys for Defendants
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, New York 11747
(631) 501-3100
Matter No.: 2015047975 PHS

TO:

LAW OFFICES OF MARIUS C. WESSER, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1700
New York, New York 10007
(646) 736-1940

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------------------X

CHONG FU HUANG, Index No.: 706446/15

Plaintiff,

-against- **COMBINED DEMANDS**

57-63 GREENE REALTY, LLC, and
JEFFREY RUDES, LLC,

Defendants.

---------------------------------------------------------------------------X

**COUNSELORS:**

***PLEASE TAKE NOTICE,*** that the undersigned hereby makes the following demands upon you, returnable at the office of the undersigned on the October 14, 2015.

1. Demand for the Names and Addresses of all Witnesses;
2. Demand for Expert Information;
3. Demand for the Discovery and Inspection of any Statement by or on behalf of a Party Represented by the Undersigned;
4. Notice of Discovery and Inspection for Medical Information and Authorizations;
5. Notice of Discovery and Inspection of Photographs;
6. Notices of any liens and listings of all bills for medical providers submitted to Medicare/Medicaid; and
7. Demand for Income Tax Returns.
8. Demand for Collateral Source.

That, in lieu of the foregoing, you may submit readable photocopies of the aforesaid documents by mailing them to the LAW OFFICE OF ANDREA G. SAWYERS, 3 Huntington Quadrangle, Suite 102S, P.O. Box 9028, Melville, New York 11747, on or before the date the documents are to be produced.

## ***DEMAND FOR THE NAMES AND ADDRESS OF WITNESSES***

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned hereby demands, pursuant to CPLR 3101(a), that you set forth in writing and under oath, the name and address of each person claimed by any party you represent, to be a witness to any of the following;

(a) The occurrence alleged in the Complaint; or

(b) Any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint; or

(c) Any actual notice allegedly given to defendant or any servant, agent or employee of defendant of any condition which allegedly caused the occurrence alleged in the Complaint; or

(d) The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint.

If no such witnesses are known to you, so state in the sworn reply to this Demand. The undersigned will object upon trial to the testimony of any witnesses not so identified.

## ***DEMAND FOR EXPERT INFORMATION***

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned hereby demands, pursuant to CPLR Section 3101(d), that you set forth, in writing and under oath, the following information for each party you represent, after each expert is retained and prior to filing a Note of Issue:

(a) The name and business affiliation of each expert witness each party will call to testify at trial or whose opinion will be relied upon by any witness testifying at trial and the qualifications of each such expert in the field in which he will be offered to testify.

(b) The substance of the facts and opinions on which each expert is expected to testify.

(c) Each factual basis for said expert's opinion.

(d) The dates of all oral and written reports provided by each expert.

If no such witnesses are known to you, so state in the sworn reply to this Demand. The undersigned will object upon trial to the testimony of any witness not so identified.

### *DEMAND FOR THE DISCOVERY AND INSPECTION OF ANY STATEMENT BY OR ON BEHALF OF A PARTY REPRESENTED BY THE UNDERSIGNED*

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned demands, on behalf of the party it represents in this action, that pursuant to CPLR 3101(e) and 3120, you produce at the time and place herein specified, and permit the undersigned to discover, inspect and copy each and every statement made by or taken from such party and its agents, servants or employees now in your possession, custody or control or in the possession, custody or control of any party you represent in this action, if such statement in any manner bears on the issues in this action.

### *NOTICE FOR DISCOVERY AND INSPECTION FOR MEDICAL INFORMATION, ETC.*

***PLEASE TAKE FURTHER NOTICE,*** that pursuant Section 164.508 of the Federally mandated Health Insurance Portability and Accountability Act of 1996, (HIPAA), which became effective on April 14, 2003, all authorizations must be HIPAA compliant.

We hereby demand that you produce any and all HIPAA compliant authorizations (**form provided**) in addition to the authorizations demanded below.

***PLEASE TAKE FURTHER NOTICE,*** that pursuant to Section 3101, et seq. (including Rule 3120) of the Civil Practice Law and Rules, you are required to produce and allow discovery to be made by this answering party of the following:

(a) Copies of the medical reports of those physicians or other health providers who have previously treated, consulted or examined the party seeking recovery and who will testify in its behalf for any condition caused by or exacerbated by the occurrence alleged in the complaint. These shall include but not be limited to a detailed recital of the injuries and conditions as to which testimony will be offered at the trial of this action referring to and identifying those x-ray and technicians' reports which shall be offered at the trial of this action and the date of each such treatment, consultation and examination.

(b) Duly executed and acknowledged written authorizations permitting this party to obtain and make copies of all hospital or other health care facility records including x-rays and technicians' reports as may be referred to and identified in the reports of that party's physicians and other health care providers, along with the complete billing records of such provider(s) that pertain to the diagnosis, care, evaluation and treatment of the plaintiff.

(c) Any and all other medical data (including CAT scans, MRI's, EEG's, EKG's, and other diagnostic tests) not hereinabove specifically referred to upon which you will rely upon or offer for consideration in the proceeding, along with the complete billing records of such provider(s) that pertain to the diagnosis, care, evaluation and treatment of the plaintiff.

(d) Any and all bills, invoices or receipts for treatment, medicines or appliances given for injuries or other physical conditions resulting from the occurrence referred to in the Complaint.

(e) Fully executed and acknowledged written authorizations to obtain and copy No-Fault medical and wage records of each plaintiff from the date of the occurrence alleged in the Complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

(f) Fully executed and acknowledged written authorizations to obtain and copy Worker's Compensation records of each plaintiff from the date of the occurrence alleged in the complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

(g) Fully executed and acknowledged written authorizations to obtain records of disability benefits pursuant to Social Security Laws of each plaintiff from the date of the occurrence alleged in the Complaint to present setting forth the name, address, claim number and policy number for each company to which a claim has been made.

***DEMAND FOR DISCOVERY AND INSPECTION OF PHOTOGRAPHS***

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned demands on behalf of the party it represents in this action, that pursuant to Section 3101 et seq., you produce at the time and place herein specified and permit the undersigned to discover, inspect and copy any and all photographs taken of the alleged scene or place of the occurrence and/or vehicles involved and complained of which are now in your possession, custody and control, or in the possession, custody and control of any party you represent in this action, if such photograph in any manner bears upon the issues in this action.

***DEMAND FOR NOTICES OF ANY LIENS AND LISTINGS OF ALL BILLS FOR MEDICAL PROVIDERS SUBMITTED TO MEDICARE/MEDICAID***

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned hereby demands, pursuant to CPLR Section 3101(a), that you set forth in writing and under oath, the following information for each party you represent, and prior to filing a Note of Issue, the following collateral source providers/potential lien holders:

(a) Medicare/Medicaid;

(b) Workers Compensation;

(c) Health Insurance;

(d) Disability; and

(e) Health Care Provider.

***DEMAND FOR INCOME TAX RETURNS***

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned demands on behalf of the party it represents in this action that you produce at the time and place herein specified and permit the undersigned to discover, inspect and copy the complete Income Tax returns for each party who is claiming or has claimed reimbursement for lost income due to the occurrence alleged in the Complaint for a three (3) year period preceding the date of the occurrence as alleged in the complaint. If said complete returns are not available, the undersigned is to be furnished with full and complete authorizations to obtain same in a form accepted by the United States Department of Internal Revenue.

***PLEASE TAKE FURTHER NOTICE,*** that all of the foregoing are continuing demands and that if any of the above items are obtained after the date of this Demand, they are to be furnished to the attorney for this party, pursuant to these demands.

***DEMAND FOR COLLATERAL SOURCE***

***PLEASE TAKE NOTICE,*** that defendant requires that plaintiff produce for discovery, inspection and copying to undersigned counsel the following:

(a) Any and all books, records, bills, insurance applications, insurance receipts, cancelled checks, copies of checks and any and all other records pertaining to collateral source reimbursement received by plaintiff or on behalf of plaintiff for the special damages alleged in the instant claim including, but not limited to, records of any person, institution, facility or government agency which has provided or will provide any reimbursement.

***DEMAND TO PLAINTIFF REGARDING LITIGATION FUNDING CO.***

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned demands on behalf of the party it represents in this action that you state whether you, your attorney(s), or anyone on the behalf of you of your attorney(s) has entered into an agreement, contract, contingency or loan with a lender, litigation funding company, litigation lending company, medical funding company or other similar entity, company, corporation, partnership or person that is engaged in loaning money, advancing money or financially assisting you or your attorney in any aspect of this case, whether it be for payment of medical bills, litigation expenses, witness expenses, lost wages or an advancement against a portion or all of any potential recovery you may receive.

If the preceding demand is applicable, please identify fully the following:

(a) The complete name and address of the lender, litigation funding company, litigation lending company, medical funding company or similar entity as described above.
(b) The date on which agreement, advance or loan was made.
(c) The amount of such agreement, advance or loan.
(d) All information, including documents of any kind provided to the lender, litigation funding company, litigation lending company, either pursuant to the request of the litigation funding company, litigation lending company, or voluntarily.

## ***REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF***

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned demands on behalf of the party it represents in this action that you provide legible copies of all documents related to the above demand.

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned demands on behalf of the party it represents in this action that you provide legible copies of all brochures, applications, contracts, agreements, liens, correspondence or other similar documents received by you, completed by you, anyone on your behalf and your attorney(s) as part of the process of entering into all agreements, negotiations and contracts with a lender, litigation funding company, litigation lending company, medical funding company, or similar entity.

## ***REQUEST FOR PRODUCTION OF DOCUMENTS TO LITIGATION FUNDING COMPANY***

***PLEASE TAKE FURTHER NOTICE,*** that the undersigned demands on behalf of the party it represents in this action that you in the above styled matter, please provide an entire copy of your entire file regarding, CHONG FU HUANG, including, but not limited to, any and all advertising materials, applications, estimates, medical information, brochures, contracts, agreements, liens and correspondence.

***PLEASE TAKE FURTHER NOTICE***, that in the event any of the requested documents and/or items do not exist, a verified statement to that effect is to be served on the undersigned on or before the aforesaid return date.

***PLEASE TAKE FURTHER NOTICE***, that this is a continuing demand notice and in the event any of the requested documents and/or items are obtained after the aforesaid return date, same are to be furnished to the undersigned within thirty (30) days after receipt.

***PLEASE TAKE FURTHER NOTICE***, that upon the failure to produce the requested documents and/or items on the date and at the time and place demanded, a Motion will be made for the appropriate relief.

Dated: September 14, 2015
Melville, New York

Yours, etc.
LAW OFFICE OF ANDREA G. SAWYERS

By: ______________________________
PATRICIA H. SEEGERS
Attorneys for Defendants
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, New York 11747
(631) 501-3100
Matter No.: 2015047975 PHS

TO:

LAW OFFICES OF MARIUS C. WESSER, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1700
New York, New York 10007
(646) 736-1940

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------------------X

CHONG FU HUANG,

Index No.: 706446/15

Plaintiff,

-against-

57-63 GREENE REALTY, LLC, and
JEFFREY RUDES, LLC,

Defendants.

---------------------------------------------------------------------------X

**NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**

**COUNSELORS:**

***PLEASE TAKE NOTICE,*** that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony upon oral examination of all adverse parties will be taken before a Notary Public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein at time and place stated below:

TO BE DEPOSED: Plaintiff
LOCATION: To be determined

On December 17, 2015, at 10:00 o'clock in the forenoon of that day with respect to evidence material and necessary in the defense of this action.

That the said person to be examined is required to produce at such examination all papers, records and other data pertaining to this matter.

Dated: September 14, 2015
Melville, New York

Yours, etc.
LAW OFFICE OF ANDREA G. SAWYERS

By: ______________________________
PATRICIA H. SEEGERS
Attorneys for Defendants
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, New York 11747
(631) 501-3100
Matter No.: 2015047975 PHS

TO:

LAW OFFICES OF MARIUS C. WESSER, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1700
New York, New York 10007
(646) 736-1940

STATE OF NEW YORK )
) ss: **AFFIDAVIT OF SERVICE**
COUNTY OF SUFFOLK )

CHRISTINE MILLER, being duly sworn, says that deponent is not a party to the action; is over the age of 18 years; that on the 15th day of September, 2015, deponent served the within **VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF PARTICULARS, COMBINED DEMANDS, and NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION**, upon:

LAW OFFICES OF MARIUS C. WESSER, P.C.
Attorneys for Plaintiff
225 Broadway, Suite 1700
New York, New York 10007

The address designated for such service, by depositing a true copy in an official depository under the care and custody of the U.S. Postal Service, within the State of New York.

CHRISTINE MILLER

Sworn to before me this
15th day of September, 2015.

Notary Public

COLLEEN McKENNA
Notary Public-State of New York
No. 01MC4723487
Qualified in Suffolk County
My Commission Expires 9-30-18

*Huang v. 57-63 Greene Realty, LLC, et al.*
*Matter No.: 2015047975 PHS*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS Index No.: 706446/15

CHONG FU HUANG,

Plaintiff,

-against-

57-63 GREENE REALTY, LLC, and JEFFREY RUDES, LLC,

Defendants.

***VERIFIED ANSWER, DEMAND FOR A VERIFIED BILL OF PARTICULARS, COMBINED DEMANDS and NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION***

LAW OFFICE OF ANDREA G. SAWYERS
***Attorneys for Defendants***
Office & P.O. Address
3 Huntington Quadrangle, Suite 102S
P.O. Box 9028
Melville, New York 11747
(631) 501-3100
Facsimile (877) 220-7166 *(Not for Service)*
Matter No.: 2015047975 PHS
Claim No.: E3R6828

TO:

Service of a copy of the within is hereby admitted.

Dated:

Attorney(s) for

**NOTICE OF ENTRY:**
**PLEASE TAKE NOTICE** that the within is a true copy of an order entered in office of the Clerk of the above Court on

**NOTICE OF SETTLEMENT:**
**PLEASE TAKE NOTICE** that the within proposed order will be presented for settlement and entry at the Courthouse on
at 10:00 a.m. at the office of the Clerk of the Part of this Court where the within described motion was heard.

Dated: Melville, New York

LAW OFFICE OF ANDREA G. SAWYERS
Attorneys for Defendants
As Designated Above